IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ELECTRICAL INSURANCE TRUSTEES HEALTH & WELFARE TRUST FUND, and the ELECTRICAL CONTRACTORS' ASSOCIATION AND LOCAL UNION 134 I.B.E.W. JOINT PENSION TRUST OF CHICAGO, <br><br> Plaintiffs, <br><br> v. <br><br> WCP SOLAR SERVICES, LLC, an Illinois Limited Liability Company, <br><br> Defendant. | Case No. 24 C 11389 <br><br> Judge Robert W. Gettleman |

## MEMORANDUM OPINION AND ORDER

Plaintiffs are multiemployer plans or "funds" that have sued defendant, WCP Solar Services, LLC, for "breach of contract" under the Employee Retirement Income Security Act ("ERISA") and the Labor Management Relations Act ("LMRA"). According to the operative first amended complaint, defendant is contractually obligated to report what hours union "bargaining unit employees" worked, and to pay contributions to plaintiffs for each hour worked. Plaintiffs allege that defendant failed to meet that obligation and thus owes plaintiffs for defendant's delinquent contributions. Plaintiffs further allege that although they were able to recover the bulk of the money owed, about $30,000 remains outstanding. Defendant has moved to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Its sole argument here is that plaintiffs' claim is time-barred under "ERISA's statute of limitations (29 U.S.C. § 1113)." For the following reasons, the court denies defendant's motion to dismiss.

## BACKGROUND

Plaintiffs allege the following facts. Defendant is an Illinois LLC that entered into a Letter of Assent on July 15, 2020, under which defendant agreed to be bound by a "Principal Agreement" that was then in effect between the Local Union No. 134 of the International Brotherhood of Electrical Workers, Chicago, Illinois, and the Electrical Contractors Association of Chicago, Illinois. Under the Principal Agreement (and other agreements and procedures), defendant was required to "make monthly reports of hours worked by bargaining unit employees and pay contributions to [plaintiffs] and Ancillary Funds for each hour worked."

Plaintiffs receive contributions from various employers under collective bargaining agreements between the employers and the Union and are thus multiemployer plans under 29 U.S.C. § 1002. Under the Principal Agreement, plaintiffs serve as the collection agent for contributions owed to the Ancillary Funds.

Plaintiffs conducted a payroll compliance audit of defendant's "financial books and records for the period of July 15, 2020, through December 31, 2020, which revealed that [defendant] owe[d] [plaintiffs] and Ancillary Funds" $129,068.78. Defendant also "failed to pay contributions to [plaintiffs] and Ancillary Funds for work performed by [defendant]'s electrician employees during the month of November 2020 in the amount of $70,476.94." As a result of the "late payment of contributions owed for the month of November 2020, [defendant] owed [plaintiffs] and Ancillary Funds liquidated damages in the amount of $14,095.39 and interest in the amount of $2,114.31."

Plaintiffs and the Ancillary Funds have been able to recover $178,034.26 from a Fringe Benefit Bond that defendant had posted in the event of a default. But defendant "has refused to pay" the $28,370.42 in contributions, liquidated damages, and interest that remains due.

2

To recover the remaining balance, plaintiffs filed this lawsuit on November 5, 2024, invoking ERISA, 29 U.S.C. §§ 1132 and 1145, and the LMRA, 29 U.S.C. § 185, and asserting a single count for "breach of contract."[1]  Shortly thereafter, plaintiffs filed a first amended complaint, again invoking the same sections and asserting a single count for breach of contract.

## **DISCUSSION**

Defendant has moved to dismiss the first amended complaint under Fed. R. Civ. P. 12(b)(6).  To survive such a motion, the complaint must provide the defendant with fair notice of a claim's basis and must be facially plausible.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  In determining whether a plaintiff has stated a facially plausible claim, the court may review the complaint, documents attached to the complaint, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice.  Geinosky v. City of Chi., 675 F.3d 743, 745 n.1 (7th Cir. 2012).  Because "a complaint need not anticipate and overcome affirmative defenses"—like a "statute of limitations" defense—"[d]ismissing a complaint as untimely at the pleading stage is an unusual step."  Cancer Found., Inc. v. Cerberus Capital Mgmt., LP, 559 F.3d 671, 674 (7th Cir. 2009).  But it is not an impossible one: "dismissal is

---

[1] Sections 1132 and 1145 of ERISA are also known as "section 502" and "section 515," respectively, because that is where those sections were originally codified in Title 29.  Similarly, section 185 of the LMRA is also known as "section 301."  For consistency, the court will refer here to the current Title 29 numbering.

appropriate when the plaintiff pleads himself out of court by alleging facts sufficient to establish the complaint's tardiness." Id. at 674-75.

Defendant argues in its opening brief that plaintiffs have done precisely that. According to defendant, plaintiffs seek unpaid contributions and related damages under sections 1132 and 1145 of ERISA for defendant's breach of its contractual obligations. But, it says, ERISA imposes a three-year statute-of-limitations period under section 1113 for bringing any such claim, which began to run on the date plaintiffs obtained actual knowledge of defendant's alleged breach. Defendant argues that section 1113 bars plaintiffs' claim here because the exhibits attached to the first amended complaint "demonstrate on their face that the plaintiffs had actual knowledge of the alleged delinquencies no later than May 2021"—more than three years before plaintiffs filed their initial complaint on November 5, 2024.

In plaintiffs' response—to which defendant failed to reply—plaintiffs argue that section 1113 does not govern here. To the contrary, they say, under Seventh Circuit precedent, "ERISA actions by fund trustees to collect delinquent employer contributions owed to a multiemployer benefit fund are actions to enforce written agreements for statute of limitations purposes." (Quoting Central States, Southeast & Southwest Areas Pension Fund v. Jordan, 873 F.2d 149, 154 (7th Cir. 1989)). And in this case, plaintiffs assert, the applicable statute of limitations is Illinois' 10-year statute of limitations to enforce a written agreement. (Citing 735 ILCS 5/13-206). That is because, they contend, "[e]very aspect of the parties' contractual obligation occurred in Illinois," "the parties are all domiciled in" Illinois, and this court sits in Illinois. Because they filed their complaint well within the 10-year period, plaintiffs conclude,

defendant's motion to dismiss should be denied.

The court agrees with plaintiffs. "Two statutes of limitations apply to suits under ERISA." Leister v. Dovetail, Inc., 546 F.3d 875, 878 (7th Cir. 2008). One is 29 U.S.C. § 1113, id.—the statute that defendant relies on here. Section 1113 provides that:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, after the earlier of—
>
> > (1) six years after (A) the date of the last action which constituted a part of the breach or violation, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
> >
> > (2) three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation;
>
> except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113.

Section 1113 thus explicitly applies to actions over "a fiduciary's breach of responsibility, duty, or obligation under this part, or" over "a violation of this part." (emphasis added). "This part" refers to "Part 4" of ERISA, which is titled "[f]iduciary [r]esponsibility," and which includes ERISA sections 1101-1114. Section 1113 therefore "provides that a plaintiff complaining about 'a fiduciary's breach of any responsibility, duty, or obligation under' sections 1101 to 1114 has the shorter of six years from the date of the breach to file suit or (with an immaterial exception) three years 'after the earliest date on which the plaintiff had actual knowledge of the breach.'" Leister, 546 F.3d at 878 (emphasis added). By its very terms, then, section 1113 applies only to claims brought under sections 1101 to 1114.

Plaintiffs here, however, brought their action to recover defendant's delinquent contributions under sections 1132 and 1145 (as well as section 185 of the LMRA). Section

1145, titled "[d]elinquent contributions," provides in relevant part that an "employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall . . . make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Section 1132, titled "[c]ivil enforcement," "authorizes a plan to bring a civil action to enforce the contribution requirements of § 1145." Laborers' Pension Fund v. Glendale Assoc., Ltd., No. 10 C 7371, 2011 WL 2976792, at *3 (N.D. Ill. July 14, 2011). Sections 1132 and 1145 both fall under "Part 5"—not "Part 4"—of ERISA. So the court agrees with plaintiffs that section 1113 and its six-or-three-year limitations period do not apply here.

The question, then, is whether plaintiffs' claim is subject to another limitations period. Defendant does not point to any other statute of limitations. For their part, plaintiffs argue that the 10-year period under Illinois' statute of limitations to enforce a written agreement, 735 ILCS 5/13-206, applies here. The court again agrees with plaintiffs.

Neither section 1132 nor section 1145 (nor section 185 of the LMRA, for that matter) "contains a statute of limitations." Trustees of Op. Plaster v. Journeymen Plasterers, 794 F.2d 1217, 1221 n.8 (7th Cir.1986) (discussing sections 1132 and 185); see also Teamsters & Employers Welfare Trust of Ill. v. Gorman Brothers Ready Mix, 283 F.3d 877, 880 (7th Cir. 2002) (explaining that § 1145 does not contain a limitations period). In other words, "ERISA itself contains no statute of limitations for suits by funds to collect delinquent employer contributions." Cent. Ill. Carpenters Health & Welfare Tr. Fund v. S&S Fashion Floors Inc., No. 05-1094, 2008 WL 11366276, at *2 (C.D. Ill. Apr. 29, 2008).

As a result, the "timeliness of" cases brought under those sections "is to be determined,

6

as a matter of federal law, by reference to the appropriate state statute of limitations." Journeymen Plasterers, 794 F.2d at 1221 n.8 (cleaned up). Or put another way, courts must "borrow[ ] from the most analogous state statute of limitations." Leister, 546 F.3d at 878; see Chi. District Council of Carpenters Pension Fund v. Cotter, 914 F. Supp. 237, 241 (N.D. Ill. 1996) ("ERISA does not contain a statute of limitations for benefit actions filed under Section [1132], and therefore courts borrow the most analogous state statute of limitations."); Glendale Assoc., 2011 WL 2976792, at *3 ("In the absence of a statutory provision, the settled practice is to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so." (cleaned up)). The state statute of limitations is thus effectively "[t]he other statute of limitations" for ERISA cases. Leister, 546 F.3d at 878.

As for the most analogous state statute of limitations here, the Seventh Circuit has held that "ERISA actions by fund trustees to collect delinquent employer contributions owed to a multiemployer benefit fund are actions to enforce written agreements for statute of limitations purposes." Jordan, 873 F.2d at 154. The most analogous state statute of limitations here would therefore be Illinois' statute of limitations to enforce a written agreement, 735 ILCS 5/13-206. Indeed, defendant does not dispute plaintiffs' assertion that "[e]very aspect of the parties' contractual obligation occurred in Illinois," "the parties are all domiciled in" Illinois, and the court sits in Illinois. And the allegations in the first amended complaint—which are taken as true for purposes of this motion—and the Letter of Assent and Principal Agreement attached as exhibits to the first amended complaint, reflect as much. Here, then, "[t]he Seventh Circuit mandates the use of the Illinois statute of limitations for written contracts." Glendale Assoc., 2011 WL 2976792, at *3 ("The Seventh Circuit mandates the use of the Illinois statute of

limitations for written contracts when fund trustees seek delinquent employer contributions owed to a multiemployer benefit fund.").

Because section 5/13-206 provides for a ten-year limitations period, "[t]he applicable statute of limitations to [this] ERISA contribution action is ten years." Chicago Reg'l Council of Carpenters Pension Fund v. Carlson Constructors Corp., No. 17-CV-04242, 2022 WL 874608, at *20 (N.D. Ill. Mar. 24, 2022); see also Jordan, 873 F.2d at 152-54 (applying Illinois' 10-year statute of limitations for written contracts in case seeking contributions brought under sections 1132 and 185); Cotter, 914 F. Supp. at 241 (applying section 5/13-206's ten-year statute of limitations period to funds' action under sections 1132 and 185); Glendale Assoc., 2011 WL 2976792, at *4-5 ("the Illinois ten-year statute of limitations for written contracts applie[d] to" case brought under sections 1132 and 1145); Plumbers' Pension Fund, Loc. 130, U.A. v. Ted's Plumbing, Inc., No. 90 C 1072, 1990 WL 115763, at *5 (N.D. Ill. Aug. 3, 1990) ("Plaintiffs' claim [brought under sections 1132 and 185] was filed within the ten-year statute of limitations for delinquent contributions."); cf. Gorman Brothers, 283 F.3d at 880-81 (assuming that Illinois' ten-year statute of limitations applied to suit against employer to recover contributions owed to a multiemployer plan under section 1145).

The court notes that "[p]olicy considerations" "support" applying a ten-year statute of limitations here. Glendale Assoc., 2011 WL 2976792, at *4. Indeed, "[i]mposing too short a statute would interfere with the strong federal policy that underlies ERISA." Id. (cleaned up). After all, "[t]he federal government . . . will ultimately be liable for the payment of vested benefits if a pension plan is not adequately funded and terminates." Id. (citation omitted). So "to encourage the continuation and maintenance of voluntary private pension plans for the

8

benefit of their participants," "employee trust funds should be given ample opportunity to recover delinquent contributions." Id. (citation omitted).

In short, the court finds that section 1113's six-or-three-year statute of limitations period does not apply here, and that the applicable limitations period is instead Illinois' ten-year limitations period for breach of contract cases. As a result, defendant's assertion that plaintiffs pleaded themselves out of court based on their having had knowledge of the delinquencies no later than May 2021, is unavailing. Defendant's sole basis for moving to dismiss therefore fails.

## CONCLUSION

For the above reasons, the court denies defendant WCP Solar Services, LLC's motion to dismiss the first amended complaint [14]. Defendant is directed to file an answer to that pleading on or before June 24, 2025. The parties are further directed to file a joint status report using this court's form on or before July 1, 2025.

So ordered.

ENTER:

**Robert W. Gettleman
United States District Judge**

**DATE: June 3, 2025**

9